IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANITA SANDERS,

        Plaintiff,                No. CIV S-07-714 JAM KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court recommends plaintiff's motion for summary judgment or remand be denied and the Commissioner's cross-motion for summary judgment be granted.

/////

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated April 27, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of complex regional pain syndrome, status post left wrist surgery, asthma, herniated discs, recurrent moderate major depressive disorder and generalized anxiety disorder but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to lift 25 pounds occasionally and 10 pounds frequently, with occasional crouching, kneeling and crawling and limited to simple, repetitive tasks with limited

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

social interaction; based on the testimony of the vocational expert, there are a significant number of jobs that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 26-28. Plaintiff contends that the ALJ's residual functional capacity finding is not supported by substantial evidence and that his questioning of the vocational expert was improper.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

III.  Analysis

    A.  Residual Functional Capacity

        Plaintiff contends the ALJ's assessment of plaintiff's residual functional capacity is not supported by substantial evidence.  Pl.'s Opening Brief at 6.  Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity.  SSR 96-8p.  Residual functional capacity is what a person "can still do despite [the individual's] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").

        As noted, the ALJ assessed plaintiff with the residual functional capacity to lift 25 pounds occasionally and 10 pounds frequently, with occasional crouching, kneeling and crawling and limited to simple, repetitive tasks with limited social interaction.  AT 26.  This assessment is consistent with the opinions of examining physician Dr. Kumar, examining psychiatrist Dr. Surulinathan  and the non-examining state agency physicians.  AT 235-239, 249, 276, 413-419; see also 20 C.F.R. § 416.967(b) (light work).[2]  The ALJ's finding that plaintiff has no manipulative limitation in the left hand is supported by Dr. Kumar's assessment as well as that of treating physician Dr. Montesano, who assessed plaintiff with the ability to frequently perform simple grasping and fine manipulation with both the right and left hand.  AT 427; cf. AT 251, 253.  Moreover, as discussed below, the ALJ posed hypotheticals to the vocational expert, which included a limitation to occasional manipulation with the left upper extremity.  AT 516.

        Plaintiff also asserts that the mental limitations as posited by the ALJ did not sufficiently define "moderate." AT 268, 291, 512.  The findings cited by plaintiff with respect to

---

[2] Plaintiff's reliance on Dr. Surulinathan's GAF assessment is unavailing.  The GAF does not correlate to the severity assessments utilized in Social Security disability determinations.  Moreover, the GAF assessed by the doctor was 50/60, which indicates only moderate symptoms.  AT 238.  In light of Dr. Surulinathan's specific finding that plaintiff could perform simple and repetitive tasks, which the ALJ expressly incorporated into his findings, the ALJ did not err in the assessment of plaintiff's mental residual functional capacity.  AT 47, 239.

mental limitations were set forth in the context of the state agency physician's general evaluation of mental impairment required under 20 C.F.R. § 416.920a(c).  See SSR 96-8p (limitations identified under paragraph "B" criteria are not residual functional capacity assessment).  The ALJ's assessment of plaintiff's mental limitations is fully consistent with the opinions of the state agency physicians who found plaintiff could perform simple repetitive tasks with limited social interaction.  AT 249, 276.

Plaintiff further contests the ALJ's analysis of her credibility and asserts the transcript of the hearing contains too many "inaudible" notations.  Upon review of the entire transcript, the court is satisfied that although disjointed in some parts, plaintiff's testimony is intelligible and sufficiently recorded for proper review.  See AT 486-510.  The ALJ fully analyzed plaintiff's credibility and his analysis comports with the requirements of Social Security Ruling 96-7p.  AT 20-22.  In sum, substantial evidence supports the ALJ's residual functional capacity finding.

B.  Vocational Expert

Plaintiff also contends the ALJ's examination of the vocational expert was unclear and insufficient.  Pl.'s Opening Brief at 9.  Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

The ALJ commenced his examination of the vocational expert with a hypothetical, which included all the limitations the ALJ assessed.  AT 511-512.  The expert then

1 clarified the hypothetical.  AT 512-513.  After responding to the clarified hypothetical, the
2 vocational expert then identified several jobs available to plaintiff that would accommodate even
3 further limitations, as identified by the ALJ, including occasional handling, feeling and fingering
4 with the left upper extremity.  AT 516-518.  The hypotheticals posed by the ALJ included all
5 limitations found by the ALJ, which were supported by substantial evidence.  There was no error
6 in the ALJ's reliance on the testimony of the vocational expert.  AT 27.

7     The ALJ's decision is fully supported by substantial evidence in the record and
8 based on the proper legal standards.  Accordingly, IT IS HEREBY RECOMMENDED that:

9     1.  Plaintiff's motion for summary judgment or remand be denied, and
10    2.  The Commissioner's cross-motion for summary judgment be granted.

11    These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  September 1, 2008.

_____
U.S. MAGISTRATE JUDGE

006
sanders.ss.f&r